**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

_____

KAT DOLPHIN,

               Plaintiff,                              **COMPLAINT**

v.

                                             **JURY TRIAL DEMANDED**

AMERICAN ACCOUNTS &
ADVISERS, INC., and
TERRELL JOHNSON

               Defendants.

_____

## INTRODUCTION

1.    This action arises from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2.    The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3.    The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4.     The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims.

6.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

### Plaintiff Kat Dolphin

7.     Plaintiff Kat Dolphin (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

**Defendant American Accounts & Advisers, Inc.**

8.    Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant AAA"), is a Minnesota corporation with offices located at 7460 80th Street South, Cottage Grove, MN 55016.   Defendant is a "debt collector," as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

**Defendant Terrell Johnson**

9.    Defendant Terrell Johnson (hereinafter "Defendant Johnson"), is a natural person employed at all times relevant by Defendant AAA.

10.    Defendant Johnson is a "debt collector," as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL SUMMARY**

11.    Sometime prior to February 2015, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a Womens Health Consultants account.

12.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant AAA for collection.

## Violations of the Fair Debt Collection Practices Act

*The February 11, 2015 Voicemail*

13.    On February 11, 2015 Defendant AAA called Plaintiff and left a voicemail message on Plaintiff's telephone, which was a "communication" as defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

14.    An individual identifying as "Terrell Johnson" left the message:

> Hello Kat Dolphin.   Please contact Terrell Johnson at American Accounts.  Phone number: 651-287-6118, and give file number M as in Mary, 79064.  I will be in the office until 8 p.m. tonight.

15.    Defendant Johnson failed to identify himself or Defendant AAA as a debt collector attempting to collect a debt. Defendants are in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

## Respondeat Superior Liability

16.    The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendant AAA who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant AAA.

17.    The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant AAA in collecting consumer debts.

18.   By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principal, Defendant AAA.

19.   Defendant AAA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

*Summary*

20.   The above-detailed conduct by Defendants was a violation of numerous and multiple provisions of the FDCPA including but not limited to the provisions of the FDCPA identified above.

21.   Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff in the form of fear of answering the telephone, nervousness, fear of answering the door, embarrassment when talking to or seeing friends or family, depression, physical symptoms, headaches and has had a negative impact on Plaintiff's relationships.

**TRIAL BY JURY**

22.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

24.   The foregoing acts and omissions of Defendant AAA and its agents

constitute numerous and multiple violations of the FDCPA including, but not

limited to, each and every one of the above-cited provisions of the FDCPA,

15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25.   As a result of each Defendants' violations of the FDCPA, Plaintiff is entitled

to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each

Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
### ACT
### 15 U.S.C. § 1692 et seq.

26.   For an award of actual damages pursuant to Section 813 of the FDCPA, 15

U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

27.    For an award of statutory damages of $1,000.00 pursuant to Section 813 of

the FDCPA, 15 U.S.C. § 1692k(a)(2)(A) against each Defendant and for

Plaintiff; and

28.    For an award of costs of litigation and reasonable attorney's fees pursuant to

Section 813 of the FDCPA, 15 U.S.C. § 1692k(a)(3) against each Defendant

and for Plaintiff.


Respectfully submitted,


Dated:  October 15, 2015          GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                        .
Mark L. Vavreck, Esq.
Attorney I.D. Number #0318619
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@cgmvlaw.com

**Attorney for Plaintiff**

7